UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.                                                        Case No.:   3:19cr157/MCR

DAVID E. MERRY.
_____/

## ORDER

Defendant David E. Merry pled guilty to two counts of receiving child pornography, in violation of 18 U.S.C. § 2252A. In addition to other adjustments not challenged here, Merry's Presentence Investigation Report applies a five-level upward adjustment pursuant to U.S.S.G. § 2G2.2(b)(5) for "engag[ing] in a pattern of activity involving the sexual abuse or exploitation of a minor." Merry objects to the § 2G2.2(b)(5) adjustment because it is based on acquitted conducted involving allegations that he sexually molested a minor female victim in 2002. A copy of the transcript from the 2004 jury trial resulting in his acquittal was offered by him as evidence in this case. On January 13, 2021, the Court conducted a sentencing hearing at which evidence was presented—including in-person testimony from the female victim of the acquitted conduct, who is now an adult—and argument was heard from both sides. The Court adjourned the hearing to consider the evidence and the applicable law more thoroughly. Having now done so, the Court finds that Merry's objection to the § 2G2.2(b)(5) enhancement is due to be overruled.

## I. Legal Standard

All sentencing proceedings must begin with a correct calculation of the advisory Guidelines range. *Peugh v. United States*, 569 U.S. 530, 536 (2013). In calculating this range, district courts are required by U.S.S.G. § 1B1.1 to first determine the base offense level, and then make appropriate upward or downward adjustments. *See also United States v. Booker*, 543 U.S. 220, 319 (2005). The Government bears the burden of establishing by a preponderance of the evidence the facts necessary to support an upward adjustment. *See United States v. Alberts*, 859 F.3d 979, 982 (11th Cir. 2017).[1] In determining whether the Government has met this burden, district courts may consider any information bearing sufficient indicia of reliability, including hearsay, so long as the court makes explicit findings as to credibility and the defendant is given an opportunity to rebut the information or cast doubt on its reliability. *See United States v. Anderton*, 136 F.3d 747, 751 (11th Cir. 1998).

## II. Discussion

Merry objects to the § 2G2.2(b)(5) adjustment on two primary grounds. First, he argues, without citation to authority, that a defendant's prior acquitted conduct should not be used in calculating his Guidelines range in a subsequent case. Second,

---

[1] Similarly, a defendant bears the burden of proving, by a preponderance of the evidence, the factual basis for an adjustment that would reduce the offense level. *United States v. Askew*, 193 F.3d 1181, 1183 n.3 (11th Cir. 1999).

he argues that the Government has not shown by a preponderance of the evidence the facts necessary to support the § 2G2.2(b)(5) adjustment.

As to the former, long-standing precedents of the Supreme Court and the Eleventh Circuit establish that a sentencing court may consider uncharged, dismissed, and/or acquitted conduct in calculating an appropriate sentence, so long as the conduct is proved by a preponderance of the evidence and the sentence does not exceed the statutory maximum for the crime of conviction. *See United States v. Watts*, 519 U.S. 148, 156-57 (1997); *United States v. Scott*, 798 F. App'x 391, 393-94 (11th Cir. 2019); *United States v. Culver*, 598 F.3d 740, 752-53 (11th Cir. 2010); *United States v. Faust*, 456 F.3d 1342, 1347-48 (11th Cir. 2006). Acquitted conduct, in particular, may support a sentencing enhancement because of "the different standards of proof that govern at trial and sentencing." *Watts*, 519 U.S. at 155. An acquittal on criminal charges "is not a finding of any fact" and it "does not prove that the defendant is innocent; it merely proves the existence of a reasonable doubt as to guilt." *Id*. Consequently, an acquittal "does not preclude the Government from relitigating an issue when it is presented in a subsequent action governed by a lower standard of proof," such as at a sentencing, where a defendant's conduct need only be proved by a preponderance of the evidence. *Id*. at 156. Based on these binding

precedents, Merry's objection to the Court's consideration of his prior acquitted conduct in calculating his advisory Guidelines range is overruled.[2]

As to whether the Government has shown by a preponderance of the evidence the facts necessary to support the § 2G2.2(b)(5) adjustment, the Court finds that it has. The § 2G2.2(b)(5) adjustment applies where "[t]he defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." The commentary to § 2G2.2(b)(5) defines "pattern of activity" as

> any combination of two or more separate instances of the sexual abuse or exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct.[3]

The term "sexual abuse or exploitation" includes any of the following: (A) conduct prohibited by several enumerated federal criminal statutes, including 18 U.S.C. §§ 2241 (aggravated sexual abuse), 2242 (sexual abuse), 2243 (sexual abuse

---

[2] As observed by the D.C. Circuit, it is understandable that "defendants find it unfair for district courts to rely on acquitted conduct when imposing a sentence[,]" even when that conduct is used only to calculate an advisory Guidelines range, given that the Guidelines are still generally accorded "significant weight" at sentencing. *See United States v. Settles*, 530 F.3d 920, 923-24 (D.C. Cir. 2008). "Many judges and commentators have similarly argued that using acquitted conduct to increase a defendant's sentence undermines respect for the law and the jury system." *Id*. "For those reasons, Congress or the Sentence Commission certainly could conclude as a policy matter that sentencing courts may not rely on acquitted conduct." *Id*. at 924. But they have not yet done so. For now, "under binding precedent, the Constitution does not prohibit a sentencing court from relying on acquitted conduct." *Id*.

[3] U.S.S.G. § 2G2.2 cmt. 1; *see also United States v. Hall*, 714 F.3d 1270, 1272 (11th Cir. 2013) ("[C]ommentary in the Sentencing Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.") (quoting *Stinson v. United States*, 508 U.S. 36, 38 (1993)).

Page 5 of 8

of a minor or ward), and 2251 (sexual exploitation of children); (B) a state law offense, if that offense would have violated one of the enumerated federal statutes if it had been committed within the special maritime or territorial jurisdiction of the United States; or (C) an attempt or conspiracy to commit any of the offenses listed in (A) or (B).  U.S.S.G. § 2G2.2 cmt. 1.

Sections 2241, 2242, and 2243 all require that the defendant have engaged in, or attempted to engage in, a "sexual act."[4]  "Sexual act" is defined to include:

  (A)  contact between the penis and the vulva or the penis and the anus, however slight;

  (B)  contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;

  (C)  the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; [and]

  (D)  the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, arouse, or gratify the sexual desire of any person.[5]

In this case, a preponderance of the evidence supports a finding that Merry engaged in at least two prior instances of the sexual abuse or exploitation of a minor. At the original sentencing hearing, C.L., the now-adult victim, testified credibly

---

[4] *See* 18 U.S.C. §§ 2241, 2242, 2243.

[5] *See* 18 U.S.C. § 2246.

about the sexual acts perpetrated on her by Merry in 2002, when she was eight years old.  At the time, Merry was engaged to her mother and living with them in their home.  C.L. testified that her "most vivid" memory of abuse involved an incident that occurred as Merry carried her from a car into the house and up the stairs to her bedroom.  At the top of the stairs, Merry "put his hands down [her] pants" and stuck his fingers "inside of [her] anus."  On another occasion, C.L. was in the hallway of her home saying goodbye to her mother, who was leaving for work.  Merry came up behind C.L. and, as the door closed behind her mother, he "grabbed" her and started "tickling," "squeezing," and "play fighting" her.  C.L. cried out for her mother, to which Merry responded, "Your mom is not here.  She can't help you."  Merry continued tickling and squeezing C.L., so tightly she could not breathe.  When C.L. tried to pull away, Merry moved his hands underneath her clothing and began touching C.L. inside her vagina.  According to C.L., this was not the first or only time that Merry initiated a "tickle fight" and then inappropriately touched her vagina.  To the contrary, she explained that he put his fingers inside her vagina and anus "multiple times," and that she purposely wore onesie pajamas that zipped up from her feet to her neck to make it harder for Merry to do so.  On the whole, C.L.'s sworn testimony at the sentencing hearing alone is sufficient to establish by a preponderance of the evidence that Merry knowingly engaged in two or more separate instances of sexual acts with a minor victim.

But there is more.  C.L.'s testimony describing Merry's sexually abusive conduct at the sentencing hearing in this case was materially corroborated by the transcript of her testimony at his criminal jury trial in 2004, when she was just 10 years old.  Significantly, C.L. has never read or even seen her 2004 trial testimony.  Notwithstanding the passage of time, both then and now, C.L. recounted the same details regarding the instance where Merry placed his fingers inside her anus while on the stairs.  Both then and now, she also described the "multiple" instances in which Merry placed his fingers inside her vagina.  In neither account did C.L. try to magnify the nature of the abuse or exaggerate the number of times it had happened.  While there were a few minor, internal inconsistencies in C.L.'s 2004 testimony—related primarily to the precise dates of the abuse and the number of times she reported the abuse to her mother—these sorts of discrepancies do not cast doubt on the reliability of C.L.'s accounts, given her very young age both at the time of the abuse and when she testified at Merry's jury trial.

Based on C.L.'s testimony in 2004 and 2021, which the Court finds credible, the Court readily concludes that Merry knowingly engaged in two or more separate sexual acts with a C.L., a minor victim under the age of 12, in 2002.  This conduct would have violated 18 U.S.C. §§ 2241 and 2243, if committed within the specific maritime or territorial jurisdiction of the United States.  Therefore, each instance qualifies as a predicate for purposes of U.S.S.G. § 2G2.2(b)(5).  Because the record

establishes a combination of at least two instances of the sexual abuse or exploitation of a minor, the "pattern of activity" adjustment under § 2G2.2(b)(5) is properly supported. Accordingly, Merry's objection to the factual basis for the § 2G2.2(b)(5) adjustment is overruled.

**SO ORDERED**, on this 8th day of April, 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**